*Chaney v. Providence Health Care*
Dissent by C. Johnson, J.

No. 87056-0

C. JOHNSON, J. (dissenting)—A central tenet of our legal system is the division of duties between the court and the jury. The court should not lightly intrude upon the important factual and credibility questions reserved for the jury. Here, a properly instructed jury found for Providence Health Care. No challenge is raised as to any evidence considered by this properly instructed jury. Yet the majority disregards the jury's judgment and substitutes its own conclusion based on a single piece of evidence that was contested at trial. The jury's verdict in this case should be affirmed.

The path that ultimately leads the majority astray finds its inception with an incorrect standard of review. The majority applies a de novo standard, which makes it far easier to substitute its own judgment. The proper standard of review, however, requires appellate courts to review trial courts' denial of directed verdicts by viewing the facts in the light most favorable to nonmoving parties and drawing all

inferences in their favor. "'[O]nly when it is clear that the evidence and reasonable inferences are insufficient to support the jury's verdict'" will relief be granted. *Hizey v. Carpenter*, 119 Wn.2d 251, 272, 830 P.2d 646 (1992) (internal quotation marks omitted) (quoting *Indus. Indem. Co. of Nw. v. Kallevig*, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990)). The majority essentially reverses this standard of review.

Viewing this case in the light most favorable to Providence, as we should, the trial court admitted evidence that focused on the issue of whether Robert Chaney was certified to return to work. Chaney was suspended from his job due to the effects of prescription medication. Yet the supposed "certification" neither addressed this condition nor indicated that Dr. Jamison had any idea as to the requirements of Chaney's job. A "fitness for duty" certification should at least address the condition requiring leave to be taken. For example, someone who has had surgery should be "certified" as having recovered or someone who has a broken leg should be "certified" as able to walk. Here, Chaney was suspended because his prescribed medications left him unable to perform his job. The supposed certification contains no indication that his medication levels were ever altered or even examined, and since this informed the basis for his suspension, a certification to return to work should address this condition. But the language of the

"certification" stated, "[I]s ok to work as soon as employer allows." Ex. P45, at 3. Importantly, at trial, and before the jury this was significant.

Having been presented with this evidence, the jury could have properly made any number of conclusions. It could have found that Dr. Jamison's statement that Chaney needed two to four weeks of leave was prospective. It could have found the Chaney's leave continued through August 27, making the August 10 certification not contemporaneous. Or perhaps the jury interpreted the August 10 certification according to its actual language, as a form for "determin[ing] the employee's eligibility for leave under the Family Medical Leave Act," not a fitness for duty certification. Ex. P45, at 1. What is even more troubling about the majority's disregard for the jury's verdict is that Dr. Van Gerpen updated his evaluation and considered Chaney unfit to work on August 23, a full two weeks after Dr. Jamison's supposed fitness for duty certification. Regardless, drawing all inferences, as we must, in favor of Providence, the jury could easily have determined that the August 10 certification was an FMLA leave eligibility form, not a fitness for duty certificate.

In constructing its argument, the majority pieces together three exhibits from the record in an effort to show that the August 10 note was a fitness for duty

certification. As the majority correctly observes, such a certification need only be a simple statement of present ability to return to work. However, the court should not need to string together three pieces of contested evidence in order to construe this "simple statement." The simple statement should be clear from its face and address the condition at issue. A fitness for duty certification that fails to address the condition that prompted the suspension from work simply fails as a certification, especially in a case, like here, where the hospital owes a duty to its patients. At the very least, the jury should have some role in making this determination, which occurred here.

The plaintiff had his opportunity to present and argue his case. No allegation is made that the jury was not properly instructed as to the relevant law. Chaney had his opportunity and lost. On these facts, we should not upset the verdict of a properly instructed jury.

AUTHOR:

    Justice Charles W. Johnson

WE CONCUR:

    Chief Justice Barbara A. Madsen

    Justice Susan Owens

    Justice James M. Johnson